# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL ROBIN DUNN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>MARCUS POLLARD,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:21-01595-GPC-BLM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner is a state prisoner in custody at R.J. Donovan state prison pursuant to a state court conviction. ECF No. 1. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 but has not paid the $5.00 filing fee and has not filed a motion to proceed in forma pauperis. Petitioner is seeking to have a federal detainer lifted because it prevents him from participating in various programs at the prison in which he is incarcerated. ECF No. 1 at 7.

A 28 U.S.C. § 2241 petition is properly brought by a state prisoner when he is not in state custody pursuant to a state court conviction but rather is "in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9 Cir.

2020) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); 28 U.S.C. § 2241.[1] Petitioner does not fall into any of those categories. He is a state prisoner in custody pursuant to a state court conviction. A petitioner may also bring a § 2241 petition if he or she is in federal custody, but a federal detainer is not sufficient to establish that a petitioner is in federal custody. *See e.g.*, *Goins v. Davis*, No. CV 15-02119 DSF (RAO), 2015 WL 5853314, at *2 (E.D. Cal. Aug. 2, 2015) (stating that "the existence of [a federal] detainer alone is not sufficient to render petitioner in federal custody"), citing *Hopper v. U.S. Parole Comm'n*, 702 F.2d 848 (9th Cir. 1983); *Von Staich v. Gonzales*, No. SACV 11-1756-DDP (RNB), 2015 WL 7971744, at *2 (C.D. Cal. Nov. 18, 2011) (same); *Carter v. Uribe*, No. CV 09-8379-JFW (AJW), 2010 WL 234803, at *2 (C.D. Cal. Jan. 13, 2010) (stating that "[a] detainer letter or 'hold' are insufficient to place [a] petitioner in federal custody for habeas corpus purposes").

Petitioner has not met the "in custody" requirement of 28 U.S.C. § 2241(c) and therefore the Court does not have jurisdiction over the matter. Accordingly, the Court **DISMISSES** the case without prejudice and **DENIES** the request to proceed in forma pauperis as moot.

Dated: September 24, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] 28 U.S.C. § 2241 reads as follows:
(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
    (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
    (5) It is necessary to bring him into court to testify or for trial.